**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Ave., 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
        lrosen@rosenlegal.com

*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALAN PACELLA, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HESAI GROUP, YIFAN LI, LOUIS T. HSIEH, KAI SUN, SHAOQING XIANG, CAILIAN YANG, COLLEEN A. DE VRIES, GOLDMAN SACHS (ASIA) L.L.C., MORGAN STANLEY ASIA LIMITED, CREDIT SUISSE SECURITIES (USA) LLC, HUATAI SECURITIES (USA), INC., COGENCY GLOBAL, INC.<br><br>Defendants. | Case No.<br><br>CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS<br><br><u>JURY TRIAL DEMANDED</u><br><br><u>CLASS ACTION</u> |

Plaintiff Alan Pacella ("Plaintiff"), individually and on behalf of all other persons similarly situated, by Plaintiff's undersigned attorneys, alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and upon information and belief as to all other matters based on the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of U.S. Securities and Exchange Commission ("SEC") filings by Hesai Group ("Hesai", "Hesai Group" or the "Company"), as well as media and

analyst reports about the Company and Company press releases. Plaintiff believes that substantial additional evidentiary support will exist for the allegations set forth herein.

## NATURE OF THE ACTION

1.      Plaintiff brings this securities class action on behalf of persons who purchased or otherwise acquired Hesai Group securities pursuant and/or traceable to the registration statement and related prospectus (collectively, the "Registration Statement") issued in connection with Hesai Group's initial public offering (the "IPO" or "Offering") and suffered compensable damages caused by Defendants' violations of the Securities Act of 1933 (the "Securities Act").

2.      In February 2023, Defendants held the IPO, offering approximately 10 million American Depository Shares ("ADS" or "ADSs") to the investing public at $19.00 per ADS.

3.      By the commencement of this action, Hesai's ADSs trade below its IPO price. As a result, investors were damaged.

## JURISDICTION AND VENUE

4.      The claims alleged herein arise under and pursuant to Sections 11, 12(a)(2) and 15 of the Securities Act, 15 U.S.C. §§77k, 77l(a)(2) and 77o.

5.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 and §22 of the Securities Act.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and §22(a) of the Securities Act (15 U.S.C. §77v(a)) as a significant portion of the Defendants' actions, and the subsequent damages took place within this District.

7.      In connection with the acts, conduct and other wrongs alleged in this complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mails, interstate telephone communications and

the facilities of a national securities exchange. Defendants disseminated the statements alleged to be false and misleading herein into this District, and Defendants solicited purchasers of Hesai securities in this District.

## PARTIES

8. Plaintiff, as set forth in the accompanying Certification, purchased the Company's securities pursuant and/or traceable to the IPO and was damaged thereby.

9. Defendant Hesai Group purports to be "the global leader in three-dimensional light detection and ranging (LiDAR) solutions. Its LiDAR products enable a broad spectrum of applications across (i) passenger or commercial vehicles with advanced driver assistance systems, or ADAS, (ii) autonomous vehicle fleets providing passenger and freight mobility services, or Autonomous Mobility, and (iii) other applications such as last-mile delivery robots, street sweeping robots, and logistics robots in restricted areas, or Robotics."

10. The Company is incorporated in the Cayman Islands and maintains its principal executive offices at 9th Floor, Building L2-B, 1588 Zhuguang Road, Qingpu District, Shanghai, the People's Republic of China ("PRC"). Hesai Group securities trade on the NASDAQ Exchange ("NASDAQ") under the ticker symbol "HSAI."

11. Defendant Yifan Li ("Li") was at the time of the IPO the Company's Chief Executive Officer and Director and signed or authorized the signing of the Company's Registration Statement.

12. Defendant Louis T. Hsieh ("Hsieh") was at the time of the IPO a Director and Global Chief Financial Officer who signed or authorized the signing of the Company's Registration Statement.

13.     Defendant Kai Sun ("Sun") was at the time of the IPO a Director and signed or authorized the signing of the Company's Registration Statement.

14.     Defendant Shaoqing Xiang ("Xiang") was at the time of the IPO a Director and signed or authorized the signing of the Company's Registration Statement.

15.     Defendant Cailian Yang ("Yang") was at the time of the IPO a Director and signed or authorized the signing of the Company's Registration statement

16.     Defendant Colleen A. De Vries ("De Vries") was at the time of the IPO Hesai's duly authorized representative in the United States. Defendant De Vries signed the false and misleading Registration Statement on her own behalf and on behalf of Defendant Cogency Global Inc. ("Cogency Global"), Defendant De Vries' employer.

17.     The Defendants named in ¶¶ 11-16 are sometimes referred to herein as the "Individual Defendants."

18.     Each of the Individual Defendants signed the Registration Statement, solicited the investing public to purchase securities issued pursuant thereto, hired and assisted the underwriters, planned and contributed to the IPO and Registration Statement, and promotions to meet with and present favorable information to potential Hesai Group investors, all motivated by their own and the Company's financial interests.

19.     Defendant Goldman Sachs (Asia) L.L.C. ("Goldman Sachs") is an investment banking firm that acted as an underwriter for the Company's IPO, helping to draft and disseminate the IPO documents. Defendant Goldman Sachs' address is 68th Floor, Cheung Kong Center, 2 Queen's Road, Central Hong Kong, Special Administrative Region ("SAR") of the PRC.

20.    Defendant Morgan Stanley Asia Limited ("Morgan Stanley") is an investment banking firm that acted as an underwriter for the Company's IPO, helping to draft and disseminate the IPO documents. Defendant Morgan Stanley's address is 46/F, International Commerce Center, 1 Austin Road West, Kowloon, Hong Kong, SAR, PRC.

21.    Defendant Credit Suisse Securities (USA) LLC ("Credit Suisse") is an investment banking firm that acted as an underwriter for the Company's IPO, helping to draft and disseminate the IPO documents. Defendant Credit Suisse's address is Eleven Madison Avenue New York, NY 10010, United States.

22.    Defendant Huatai Securities (USA) Inc., ("Huatai") is an investment banking firm that acted as an underwriter for the Company's IPO, helping to draft and disseminate the IPO documents. Defendant Huatai's address is 21 Floor East, 280 Park Avenue, New York, NY 10017.

23.    The Defendants named in ¶¶ 19-22 are sometimes referred to herein as the as the "Underwriter Defendants."

24.    Pursuant to the Securities Act, the Underwriter Defendants are liable for the false and misleading statements in the Registration Statement as follows:

(a)    The Underwriter Defendants are investment banking houses that specialize in, among other things, underwriting public offerings of securities. They served as the underwriters of the IPO and shared millions of dollars in fees collectively. The Underwriter Defendants arranged a roadshow prior to the IPO during which they, and representatives from Hesai Group, met with potential investors and presented highly favorable information about the Company, its operations and its financial prospects.

(b)    The Underwriter Defendants also demanded and obtained an agreement from

Hesai Group and the Individual Defendants that Hesai Group would indemnify and hold the Underwriter Defendants harmless from any liability under the federal securities laws.

(c)     Representatives of the Underwriter Defendants also assisted Hesai Group and the Individual Defendants in planning the IPO, and purportedly conducted an adequate and reasonable investigation into the business and operations of Hesai Group, an undertaking known as a "due diligence" investigation. The due diligence investigation was required of the Underwriter Defendants in order to engage in the IPO. During the course of their "due diligence," the Underwriter Defendants had continual access to internal, confidential, current corporate information concerning the Company's most up-to-date operational and financial results and prospects.

(d)     In addition to availing themselves of virtually unlimited access to internal corporate documents, agents of the Underwriter Defendants met with Hesai Group's lawyers, management and top executives and engaged in "drafting sessions." During these sessions, understandings were reached as to: (i) the strategy to best accomplish the IPO; (ii) the terms of the IPO, including the price at which Hesai Group securities would be sold; (iii) the language to be used in the Registration Statement; what disclosures about Hesai Group would be made in the Registration Statement; and (iv) what responses would be made to the SEC in connection with its review of the Registration Statement. As a result of those constant contacts and communications between the Underwriter Defendants' representatives and Hesai Group's management and top executives, the Underwriter Defendants knew of, or in the exercise of reasonable care should have known of, Hesai Group's existing problems as detailed herein.

(e)     The Underwriter Defendants caused the Registration Statement to be filed with the SEC and declared effective in connection with the offers and sales of securities registered

thereby, including those to Plaintiff and the other members of the Class.

25.     Defendant Cogency Global was Hesai Group's authorized U.S. representative for purposes of the IPO. Defendant De Vries, who signed the Registration Statement, was an employee of Defendant Cogency Global. As a result, Defendant Cogency Global is liable for the securities law violations committed by Defendant De Vries in its capacity as employer and as a control person under the Securities Act.

26.     Hesai Group, the Individual Defendants, the Underwriter Defendants, and Cogency Global are referred to collectively as "Defendants."

**SUBSTANTIVE ALLEGATIONS**

**<u>Materially False and Misleading Statements</u>**

27.      On or about January 17, 2023, Hesai filed with the SEC a Registration Statement on Form F-1, which in combination with a subsequent amendment on Form F-1/A (the "Amended Registration Statement") and filed pursuant to Rule 424(b)(4), would be used for the IPO.

28.     On February 9, 2023, Hesai filed with the SEC its final prospectus for the IPO on Form 424B4 (the "Prospectus"), which forms part of the Registration Statement. In the IPO, Hesai sold approximately 10 million ADSs at $19.00 per ADS.

29.      The Registration Statement was negligently prepared and, as a result, contained untrue statements of material facts or omitted to state other facts necessary to make the statements made not misleading, and was not prepared in accordance with the rules and regulations governing its preparation.

30.     Under applicable SEC rules and regulations, the Registration Statement was required to disclose known trends, events or uncertainties that were having, and were reasonably likely to have, an impact on the Company's continuing operations.

31.     The Registration Statement made numerous materially misleading comments about the Company's margin. While the Company disclosed that it expected that its margin would decrease in the Fourth Quarter of 2022, it did not disclose the extent to which the margin would go down (which it would have been aware of by February 2, 2023, when the Amended Registration Statement was filed), or why it had gone down. Instead, the Company focused on discussing on the alleged strength of the Company's historical margins:

> "[Hesai's] shipment volume, revenue scale and margins validate its global leadership. It has shipped over 103,000 LiDAR units from 2017 to December 31, 2022, and it has shipped over 80,400 LiDAR units in aggregate in 2022. In particular, it has shipped approximately 62,000 AT128 LiDAR units for ADAS customers in aggregate in 2022, which demonstrates the highest estimated shipment of volume LiDAR units (excluding low-end LiDARs with 16 channels or less) for ADAS customers in 2022, according to the Frost & Sullivan Report. It generated the highest revenue as compared with listed LiDAR companies around the world for the nine months ended September 30, 2022, outperforming the second place by over 3.6 times, according to the Frost & Sullivan Report. Its industry-leading gross margin enables it to organically and rapidly grow its business. Hesai Technology's gross margin was 70.3%, 57.5%, 53.0% and 44.0% in 2019, 2020, 2021, and the nine months ended September 30, 2022, respectively. *It expects its gross margin to further decrease in the fourth quarter of 2022 as it shifts its product mix toward LiDAR products for the ADAS market. For more details, see "— Key Factors Affecting Our Results of Operations — Our ability to optimize the pricing and mix of our LiDAR products*."

> [. . .] *Hesai Technology has been growing rapidly while maintaining industry-leading gross margins as compared to major publicly listed LiDAR companies, according to the Frost & Sullivan Report.* Our net revenues increased by 19.4% from RMB348.1 million in 2019 to RMB415.5 million in 2020, and further increased by 73.5% from RMB415.5 million in 2020 to RMB720.8 million (US$101.3 million) in 2021. *Our gross margin for 2019, 2020, and 2021 was 70.3%, 57.5%, and 53.0%, respectively, and our net loss for the same periods was RMB120.2 million, RMB107.2 million, and RMB244.8 million (US$34.4 million), respectively*.

> *Our gross margin for the nine months ended September 30, 2021 and 2022 was 53.3% and 44.0%, respectively, and our net loss for the same periods was RMB174.8 million and RMB165.5 million (US$23.3 million), respectively*. Our EBITDA, a non-GAAP financial measure, was negative RMB169.6 million and negative RMB176.1 million (US$24.8 million) in the nine months ended September 30, 2021 and 2022, respectively.

> (Emphasis added).

32.     In the section of the Amended Registration Statement section on "Key Factors Affecting Our Results of Operations—Our Ability to optimize the pricing and mix of our LiDAR Products", the Company did not disclose that it was increasingly relying on sales of lower-margin products as a result of a "lower in-house plant capacity utilization rate."

> Our LiDAR products for the Autonomous Mobility market include the Pandar series for long-range detection and the QT series for blind-spot detection. The XT series, shipped in volume in 2022, is our ASIC-based LiDAR product line for the Robotics market, and the AT series and the FT series are our LiDAR product lines for the ADAS market, which have been shipped in volume in 2022 and are expected to ship in 2023, respectively. As we offer a diverse set of LiDAR products, our gross margin is affected by the pricing and mix of our products. In 2019, 2020, 2021, and the nine months ended September 30, 2021 and 2022, the average selling price of our LiDAR units was approximately US$17,400, US$12,700, US$7,700, US$8,000 and US$3,100, respectively. During the same periods, the percentage of revenues generated from the Pandar series (including Pardar128, Pandar64, Pandar40 and other Pandar LiDARs) was 94.1%, 75.2%, 76.8%, 78.7% and 57.5%, respectively. ***Our gross margin decreased from 70.3% in 2019 to 57.5% in 2020, and further decreased to 53.0% in 2021. Our gross margin decreased from 53.3% in the nine months ended September 30, 2021 to 44.0% in the nine months ended September 30, 2022. We expect the average selling price for our LiDAR units and our gross margin to decrease as our shipment volume increases, especially with the increasing shipment of LiDAR units for the ADAS market and LiDAR units shipped to the United States that incur higher tariffs***. The LiDAR products for the ADAS market generally have much lower selling prices than the LiDAR products for the Autonomous Mobility market, and our changes in product mix that now starts to focus more on the LiDAR products for the ADAS market will decrease our average selling price. In addition, OEMs also expect the selling price for the LiDAR products for the Autonomous Mobility market to decrease by approximately 10% to 20% per year, which further drives down the average selling price for our LiDAR products. At the same time, we are facing increasing costs related to materials, chips and supply chain globally, which would further negatively affect our gross margin. See "Risk Factors — Risks Related to Our Business and Industry — Continued pricing pressures may result in lower than anticipated margins, or losses, which may adversely affect our business."

(Emphasis added).

33.     In its risk disclosures, the Company stated that margins might decrease because of increased competition, increased component costs, the Company's failure to adequately control costs associated with its operations, pricing pressures as a result of cost-cutting initiatives

by the Company's customers, its failure to maintain sufficient inventory (or conversely, maintaining excessive inventory), but it did not disclose that gross margin may go down as a result of a lower "in-house plant capacity utilization rate."

34.    The Company provided the following information on its manufacturing facility, which was materially false and misleading because it did not disclose that, at that time, the Company was affected by a lower in-house plant capacity utilization rate.

> Hesai Technology has strategically built its current manufacturing facility, which covers approximately 270,000 square feet and is certified under IATF 16949 and ISO 9001, in Jiading, Shanghai, the hub for automotive OEMs in China. ***This manufacturing facility, together with a transitional production line, supports an annual production capacity of 35,000 units for the non-AT series, plus a monthly production capacity of approximately 20,000 units for the AT series, which fulfills the present demand for Hesai Technology's LiDAR products***. Hesai Technology is building a new facility of approximately 740,000 square feet, which is expected to commence operation in 2023 and is expected to eventually increase its annual production capacity up to approximately 1.2 million units.

> (Emphasis added).

35.    The statements referenced in ¶ 31-34 above were materially false and/or misleading because it misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operational and financial results. Specifically, the Registration Statement contained false and/or misleading statements and/or failed to disclose that: (1) Hesai Group's gross margin decrease was caused by a lower in-house utilization rate; (2) Hesai Group's gross margin was 30% for the fourth quarter—which was completed over a month before the date of the amended registration statement; and (3); as a result, Defendants' public statements were materially false and misleading at all relevant times and negligently prepared.

36.    Additionally, due to the materially deficient Registration Statement, Defendants have also violated their independent, affirmative duty to provide adequate disclosures about

adverse conditions, risk and uncertainties. Item 303 of SEC Reg. S-K, 17 C.F.R. §229.303(a)(3)(ii) requires that the materials incorporated in a registration statement disclose all "known trends or uncertainties" reasonably expected to have a material unfavorable impact on the Company's operations.

37.    SEC Regulation S-K, 17 C.F.R. § 229.503, required the "Risk Factor" section of the Registration Statement to discuss the most significant factors that made the Offering risky or speculative and that each risk factor adequately described the risk. Defendants' failure to disclose the already occurring significant problems underlying its base business, as well as the likely material effects it would have on the Company's ADS price, rendered the Registration Statement's many references to known risks that "if" occurring "may" or "could" adversely affect the Company as false and misleading.

38.    Since the IPO, and as a result of the disclosure of material adverse facts omitted from Hesai Group's Registration Statement, Hesai Group's ADS price has fallen substantially below its IPO price, damaging Plaintiff and Class members. As of April 6, 2023, Hesai Group's ADSs closed at $12.17, a 35.9% decline from the IPO price.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

39.    Plaintiff brings this action as a class action on behalf of all those who purchased Hesai Group securities pursuant and/or traceable to the Registration Statement (the "Class"). Excluded from the Class are Defendants and their families, the officers and directors and affiliates of Defendants, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

40.     The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are at least thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by Hesai Group or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

41.     Plaintiff's claims are typical of the claims of the members of the Class, as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

42.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

43.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

a)      whether Defendants violated the federal securities laws;

b)      whether the Registration Statement contained false or misleading statements of material fact and omitted material information required to be stated therein; and

c)      to what extent the members of the Class have sustained damages and the proper measure of damages.

44.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and

burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## COUNT I
### Violations of Section 11 of the Securities Act Against All Defendants

45.     Plaintiff incorporates all the foregoing by reference.

46.     This Count is brought pursuant to §11 of the Securities Act, 15 U.S.C. §77k, on behalf of the Class, against all Defendants.

47.     The Registration Statement contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and omitted to state material facts required to be stated therein.

48.     Defendants are strictly liable to Plaintiff and the Class for the misstatements and omissions.

49.     None of the Defendants named herein made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Registration Statement were true and without omissions of any material facts and were not misleading.

50.     By reason of the conduct herein alleged, each Defendant violated or controlled a person who violated §11 of the Securities Act.

51.     Plaintiff acquired Hesai Group securities pursuant to the Registration Statement.

52.     At the time of their purchases of Hesai Group securities, Plaintiff and other members of the Class were without knowledge of the facts concerning the wrongful conduct alleged herein and could not have reasonably discovered those facts prior to the disclosures herein.

53.     This claim is brought within one year after discovery of the untrue statements and/or omissions in the Offering that should have been made and/or corrected through the exercise of reasonable diligence, and within three years of the effective date of the Offering. It is therefore timely.

## COUNT II
## Violations of Section 12(a)(2) of the Securities Act Against All Defendants

54.     Plaintiff incorporates all the foregoing by reference.

55.     By means of the defective Prospectus, Defendants promoted, solicited, and sold the Company's securities to Plaintiff and other members of the Class.

56.     The Prospectus for the IPO contained untrue statements of material fact, and concealed and failed to disclose material facts, as detailed above. Defendants owed Plaintiff and the other members of the Class who purchased Hesai Group securities pursuant to the Prospectus the duty to make a reasonable and diligent investigation of the statements contained in the Prospectus to ensure that such statements were true and that there was no omission to state a material fact required to be stated in order to make the statements contained therein not misleading. Defendants, in the exercise of reasonable care, should have known of the misstatements and omissions contained in the Prospectus as set forth above.

57.     Plaintiff did not know, nor in the exercise of reasonable diligence could Plaintiff have known, of the untruths and omissions contained in the Prospectus at the time Plaintiff acquired Hesai Group securities.

58.     By reason of the conduct alleged herein, Defendants violated §12(a)(2) of the Securities Act, 15 U.S.C. §77l(a)(2). As a direct and proximate result of such violations, Plaintiff and the other members of the Class who purchased Hesai Group securities pursuant to the Prospectus sustained substantial damages in connection with their purchases of the securities.

Accordingly, Plaintiff and the other members of the Class who hold the securities issued pursuant to the Prospectus have the right to rescind and recover the consideration paid for their securities, and hereby tender their securities to Defendants sued herein. Class members who have sold their securities seek damages to the extent permitted by law.

59.     This claim is brought within one year after discovery of the untrue statements and/or omissions in the Offering that should have been made and/or corrected through the exercise of reasonable diligence, and within three years of the effective date of the Offering. It is therefore timely.

## COUNT III
## Violations of Section 15 of the Securities Act Against the Individual Defendants

60.     Plaintiff incorporates all the foregoing by reference.

61.     This cause of action is brought pursuant to §15 of the Securities Act, 15 U.S.C. §77o against all Defendants except the Underwriter Defendants.

62.      The Individual Defendants were controlling persons of Hesai Group by virtue of their positions as directors or senior officers of Hesai Group. The Individual Defendants each had a series  of direct and indirect business and personal relationships with other directors and officers and major shareholders of Hesai Group. The Company controlled the Individual Defendants and all of Hesai Group's employees.

63.     Hesai Group and the Individual Defendants were culpable participants in the violations of §§11 and 12(a)(2) of the Securities Act as alleged above, based on their having signed or authorized the signing of the Registration Statement and having otherwise participated in the process which allowed the IPO to be successfully completed.

64.     This claim is brought within one year after discovery of the untrue statements and/or omissions in the Offering that should have been made and/or corrected through the

exercise of reasonable diligence, and within three years of the effective date of the Offering. It is therefore timely.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the Class, prays for judgment and relief as follows:

A.      declaring this action to be a proper class action, designating Plaintiff as Lead Plaintiff and certifying plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure and designating plaintiff's counsel as Lead Counsel;

B.      awarding damages in favor of Plaintiff and the other Class members against all defendants, jointly and severally, together with interest thereon;

C.      awarding Plaintiff and the Class reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

D.      awarding Plaintiff and other members of the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

Dated:                                          Respectfully submitted,

                                                **THE ROSEN LAW FIRM, P.A.**
                                                /s/ Phillip Kim
                                                Phillip Kim, Esq. (PK 9384)
                                                Laurence M. Rosen, Esq. (LR 5733)
                                                275 Madison Ave., 40th Floor

New York, NY 10016
Tel: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
Email: pkim@rosenlegal.com

*Counsel for Plaintiff*